OVERTON, Justice,
dissenting.
While I would personally prefer to uphold the constitutionality of this statute and to prohibit through this statute the type of conduct at issue, I find that the United States Supreme Court’s decision in R.A.V. v. City of St. Paul, 505 U.S. 377, 112 S.Ct. 2538, 120 L.Ed.2d 305 (1992), eliminates any choice that I have in this matter. R.AV. not only mandates a holding that this statute is unconstitutional but even goes so far as to explain how to draft a law that constitutionally prohibits this type of conduct. In my view, rather than attempting to uphold this statute, we should declare the statute to be unconstitutional and strongly suggest to the *483 legislature how it can immediately draft a statute that is enforceable.
The issue in this case is not whether the State can prohibit the contemptible act of cross-burning. Clearly, it can. As noted by the district court, T.B.D. could have been charged with any number of offenses other than the one at issue, including assault, breach of the peace or disorderly conduct, criminal mischief, criminal nuisance, failure to control or report a dangerous fire, or trespass. The issue here is whether the State has prohibited cross-burning under this statute in a manner consistent with the First Amendment as interpreted by the United States Supreme Court.
In R.A.V., the United States Supreme Court reviewed a law that was almost identical to the statute at issue here. The statute at issue in R.A.V. read as follows:
Whoever places on public or private property a symbol, object, appellation, characterization or graffiti, including, but not limited to, a burning cross or Nazi swastika, which one knows or has reasonable grounds to know arouses anger, alarm or resentment in others on the basis of race, color, creed, religion or gender commits disorderly conduct and shall be guilty of a misdemeanor.
R.A.V., — U.S. at-, 112 S.Ct. at 2541. As in the instant case, in R.AV. the defendant had burned a cross on the private property of another. In analyzing that ordinance, the United States Supreme Court found it to be unconstitutional because it discriminated on the basis of content in that it prohibited otherwise permitted speech solely on the basis of the subject the speech addressed. Even though the statute in R.AV. reached only those symbols or displays that aroused “anger, alarm or resentment in others,” which were otherwise characterized as “fighting words,” the Court found that the prohibition of such “fighting words” could not be limited in connection with other “bias-motivated hatred” such as cross-burning. Similarly, the statute at issue in our case prohibits the “bias-motivated hatred” of burning a cross. Contrary to the majority’s conclusion, it is not just the subjects to which protection is afforded that must be neutral, it also is the expressive activity itself that must be prohibited in a neutral fashion. Under the principles established by the R.AV. decision, if the legislature were to enact a statute that proscribed all burnings and fires that are set with the intent to threaten or intimidate the owner or occupant of the property, rather than proscribing the burning of a cross, the statute would be constitutional.
I strongly suggest that the legislature examine this matter and enact a statute in accordance with the principles directed by R.AV. As the United States Supreme Court expressed in R.AV., although the act of “burning a cross in someone’s front yard is reprehensible,” the State has “sufficient means at its disposal to prevent such behavior without adding the First Amendment to the fire.” — U.S. at -, 112 S.Ct. at 2550.